UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------- x
STEPHEN HUDSON, on behalf of himself       :
and all others similarly situated,         :
                                           :
                                           :  Case No.
                 Plaintiff,                :
                                           :
v.                                         :
                                           :
ALLSTATE VEHICLE AND PROPERTY              :
INSURANCE COMPANY,                         :
                                           :
                 Defendant.                :
-------------------------------------------------------------- x
```

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441, 1446, 1453(b), Defendant Allstate Vehicle and Property Insurance Company ("Allstate") hereby removes the action captioned as *Stephen Hudson, individually and on behalf of all others similarly situated v. Allstate Vehicle and Property Insurance Company*, Index Number 650468/2024 from the Supreme Court of the State of New York, County of New York (the "State Court Action") to this Court. This lawsuit is removable under CAFA, because the lawsuit is a putative class action lawsuit and CAFA's statutory requirements are satisfied. In support of this Notice, Allstate states as follows:

I.  **BACKGROUND AND PROCEDURAL HISTORY**

    A.  **THE STATE COURT ACTION**

    1.  Plaintiff commenced a civil action on or about January 29, 2024, by filing a Summons with Notice (the "Summons") in the Supreme Court of the State of New York, County of New York—the State Court Action. The Summons names Allstate as the only defendant.

1

2. The Summons, attached as part of **Exhibit A** hereto, stated, in relevant part, that:

> The nature of this action is breach of a casualty insurance contract with the plaintiff in 2023 for losses, damages and bodily injury to the plaintiff and his family members by smoke intrusion to the residence of the plaintiff at [address given] and for bad faith by Defendant in denial of Plaintiff's claim. The relief sought is money damages of $150,000.

3. According to an Affidavit of Mailing filed in the State Court Action, on or about March 6, 2024, the Summons with Notice was served on the NYS Department of Financial Services by first-class U.S. mail.

4. On May 8, 2024, Plaintiff filed his Complaint, attached as part of **Exhibit A** hereto. The Complaint set forth Plaintiff's allegations in further detail and for the first time asserted putative class action allegations. (Complaint, at ¶¶ 2, 60–66.). On May 24, 2024, Allstate filed an answer to the Complaint, with an amended answer subsequently filed on May 25, 2024.

5. This Notice of Removal is timely filed within thirty days of the filing of the Complaint—the first-time putative class action allegations were made—under the "revival" doctrine, as explained further below. *See, e.g.*, *MG Bldg. Materials, Ltd. v. Paychex, Inc.,* 841 F. Supp. 2d 740, 746 (W.D.N.Y. 2012) ("the filing of the third amended petition, which transformed this from a two-plaintiff case involving less than $170,000 in damages, to a class action involving many thousands of putative class members, and billions of dollars in damages, has effectively rendered this an 'essentially new lawsuit,' and … therefore afforded defendant a new opportunity to remove, which Paychex has timely done"); *see also Residents & Fams. United to Save Our Adult Homes v. Zucker,* 2017 WL 5496277, at *7 (E.D.N.Y. Jan. 24, 2017) (holding that delayed removal may be justified if an "amended pleading changes the exposure or consequences the removing defendant would face if the plaintiff were to prevail in the amended action").

6. As explained further below, the State Court Action is removable under CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

### B. PLAINTIFF'S CLAIMS[1]

7. Plaintiff alleges that he is a resident of New York, New York. (**Ex. A**, Complaint, ¶ 4). Plaintiff alleges that he was an insured under a "coop owners insurance policy" issued by Allstate, and that he is entitled to coverage for alleged tobacco smoke damage to his apartment under said policy. (*Id.* at ¶¶ 1, 4, 12).

8. Allstate is an Illinois insurance company with its principal place of business in Illinois.

9. Plaintiff alleges that he "owns a three bedroom coop apartment where he has resided with his three children, located at [address], New York, New York 10026" (the "Property"), and that "in June 2023 two of the three bedrooms in Unit 5A were contaminated with a sudden and massive invasion of tobacco smoke coming from Unit 4A directly below Plaintiff's apartment, rendering these bedrooms uninhabitable." (*Id.* at ¶¶ 8, 12). Plaintiff further claims that he "temporarily vacat[ed] his apartment 5A to allow for professional cleaning and restoration, disposing of contaminated personal property in October - December 2023," but that "tobacco smoke engulfed Unit 5A in January 2024 forcing Plaintiff and his children to completely vacate the apartment as his residence in February 2024." (*Id.* at ¶ 21).

10. Plaintiff claims that he may be entitled to over $350,000 in coverage under various Policy provisions, (*id.* at ¶ 43), and that he is also entitled to "consequential and special damages

---

[1] Allstate does not admit the underlying facts as alleged by Plaintiff or as summarized herein. Allstate expressly denies any liability to Plaintiff or the putative class. Allstate reserves its rights to challenge the legal sufficiency of the allegations in the Complaint.

for loss of earnings or profits and out of pocket expenses in an amount to be determined at trial. (*Id.* at ¶¶ 43, 44).

11. Plaintiff alleges that he sought coverage from Allstate under a Condominium or Coop Owners Policy AVP387, policy number 978 766 112, issued for the June 10, 2023 to June 10, 2024, policy period (the "Policy") and that Allstate denied coverage. (*Id.* at ¶¶ 9, 11, 18).

12. The Complaint asserts four causes of action against Defendants: Count I–"Breach of Contract," ¶¶ 35–44; Count II–"Bad Faith Denial of Claim," ¶¶ 45–54; and Count III–"Deceptive Acts and Practices." For Count II, Plaintiff claims that he and the proposed class are entitled to "damages in an amount to be determined at trial but believed to be in excess of $100,000,000." (*Id.* at p. 11).

13. The Complaint also includes "Class Action Allegations." *Id.* at ¶¶ 60–66. Plaintiff claims that there are "over one million coop and condominium apartments in New York State owned by New York residents, many of which are insured by the Defendant under the same Policy form and with the same corporate policy in interpreting the Policy to deny secondhand smoke claims." (*Id.* at ¶ 60). Plaintiff further alleges that "[a]ccording to the American Lung Association and various studies over 40% of apartments in multifamily residential buildings have experienced secondhand smoke infiltration." (*Id.* at ¶ 61.)

14. Plaintiff seeks class treatment under Article 9 of the New York Civil Practice Law and Rules (*id.* at ¶ 62), and claims that he is entitled to bring claims on behalf of a class consisting of 'those similarly situated in the State of New York whom the Defendant has in bad faith wrongfully denied claims under its homeowners' policies over the past six years." (*Id.* at ¶¶ 2, 62–66).

## II.     VENUE

15.     Venue is proper in this District because it is the district embracing the place where the State Court Action is pending. 28 U.S.C. § 1441(a); *see also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953).

## III.    BASIS FOR REMOVAL

16.     The State Court Action is removable under CAFA, 28 U.S.C. §§ 1332(d) and 1453(b).

17.     Removal is proper under 28 U.S.C. § 1332(d)(2), where, as here, a proposed class action is filed in which there is minimal diversity of citizenship, at least 100 members of the proposed class as alleged, and the aggregate amount in controversy for the entire proposed class as alleged exceeds $5,000,000.

### A.      THIS CASE IS A CLASS ACTION

18.     This case is a "class action" within the meaning of CAFA because it was pled as a putative class action by the Plaintiff, under Article 9 of the New York Civil Practice Law and Rules, which is a state-court rule authorizing an action to be brought by one or more representative persons as a class action. Compl., ¶ 62. *See* 28 U.S.C. § 1332(d)(1)(B) (the term "'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure").

19.     CAFA is applicable "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).

20.     Here, the Plaintiff identifies the case as being brought "on behalf of those similarly situated," with Plaintiff at least purporting to act as a representative of a class alleged to be harmed

5

by Allstate. Accordingly, the State Court Action is a "Class Action" as that term is defined under CAFA.

### B. MINIMAL DIVERSITY REQUIREMENTS ARE MET

21. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from at least one defendant. *See* 28 U.S.C. § 1332(d)(2)(A) (merely requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant").

22. The Complaint, in relevant part, defines the proposed class as follows:

> Those similarly situated in the State of New York whom the Defendant has in bad faith wrongfully denied claims under its homeowners' policies over the past six years.

(Compl., ¶ 2 (emphasis supplied)).

23. Plaintiff and the putative class are comprised of policyholders who are citizens of the State of New York, and Allstate is not a citizen of the State of New York for the purposes of diversity, being both an Illinois insurance company and having its principal place of business in Illinois. *See* 28 U.S.C. § 1332; *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016). Accordingly, there is minimal diversity under CAFA because a "member of a class of plaintiffs is a citizen of a State different from [Allstate]." 28 U.S.C. § 1332(d)(2)(A).

### C. CAFA'S 100-MEMBER REQUIREMENT IS ALLEGED

24. CAFA provides that it does not apply where "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

25. Here, Plaintiff's Complaint alleges with respect to the size of the proposed class that "[t]here are over one million coop and condominium apartments in New York State … many

of which are insured by the Defendant" and that "over 40% of apartments in multifamily residential buildings have experienced secondhand smoke infiltration." (Complaint, at ¶¶ 60, 61.)

26.     Based on National Association of Insurance Commissioners market share data, Allstate policies comprise approximately 16% of the homeowners insurance market. *See* NAIC 2022 Market Share Reports for Property/Casualty Groups and Companies by State and Countrywide, at p. 162. Thus, based on Plaintiff's allegations, the proposed class consists of much more than 100 class members (one million multiplied by 40% multiplied by 16% would be 64,000).

### D.    THE AMOUNT IN CONTROVERSY ALLEGED EXCEEDS $5 MILLION

27.     The amount in controversy as alleged for the putative class claims exceeds the jurisdictional threshold under CAFA. *See* 28 U.S.C. § 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

28.     Generally, when the plaintiff alleges an amount in controversy satisfying the threshold for federal jurisdiction, "the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Here, Plaintiff "demands judgment … in favor of the proposed class … "in an amount to be determined at trial but believe to be in excess of $100,000,000." (Id. at p. 11.) This amount exceeds the $5 million threshold.

29.     Plaintiff also alleges an individual claim of over $300,000 (Compl., at ¶ 43, p. 11) and that there are more than 100 class members (*see* Paragraph 26 above), which likewise alleges an amount in controversy over the $5 million. *See, e.g., Metcalf v. TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d 319, 332 (S.D.N.Y. 2022) ("The court presumes that the face of the complaint

is a good faith representation of the actual amount in controversy … and even cursory allegations that the jurisdictional amount is met may be sufficient, provided the allegations are plausible."); *Doe v. Trump Corp.*, 385 F. Supp. 3d 265, 284 (S.D.N.Y. 2019) ("The amount in controversy element is satisfied because the Complaint asserts that the amount in controversy exceeds $5,000,000.").

### E. NO EXCEPTION TO CAFA JURISDICTION APPLIES

30. None of the exceptions to CAFA jurisdiction are applicable.

31. Allstate is not a citizen of the state in which the action was filed, *i.e.*, New York, and, therefore, § 1332(d)(3) does not apply.

32. Similarly, § 1332 (d)(4) does not apply because Allstate is not "a citizen of the State in which the action was originally filed."

33. Section 1332(d)(5)(A) is inapplicable because Allstate is not a State, State official or other governmental entity against whom the district court may be foreclosed from ordering relief.

34. Section 1332(d)(5)(B) is inapplicable because there are more than 100 putative class members as alleged.

35. Section 1332(d)(9) is inapplicable because Plaintiff's claims do not involve securities or the internal affairs or governance of a corporation or other form of business enterprise.

36. Accordingly, because the jurisdictional thresholds are satisfied by Plaintiff's allegations and no exception applies, this Court has original jurisdiction over this matter under CAFA.

## IV. THE REVIVAL DOCTRINE APPLIES

37. Prior to the filing of Plaintiff's May 8, 2024 Complaint, Allstate was entirely unaware that the State Court Action purported to be a class action. Rather, the Summons sought damages for Plaintiff in his individual capacity only.

38. Only once Plaintiff filed the Complaint did Allstate become aware that Plaintiff intended to attempt to pursue a class action on behalf of all homeowners policyholders whose claims were denied in the last six years. Compl., at ¶ 2.

39. By subsequently filing a Complaint that included class allegations that satisfy CAFA's minimum jurisdictional requirements, Allstate's opportunity to remove the case was "revived" because the Complaint "provides (1) a 'new basis for removal' or (2) 'changes the character of the litigation so as to make it substantially a new suit.'" *Braud v. Transport Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir.2006) (quoting 14C Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3732 at 311–48).

40. As other courts in this Circuit have recognized, the "filing of [a] petition, which transformed . . . a two-plaintiff case involving less than $170,000 in damages, to a class action involving many thousands of putative class members, and billions of dollars in damages, has effectively rendered this an 'essentially new lawsuit,' and that it therefore afforded defendant a new opportunity to remove." *MG Bldg. Materials, Ltd.*, 841 F. Supp. 2d at 746. Indeed, here, the amended complaint not only altered the nature of the action, but it also afforded a new basis for removal under CAFA. *See id.*

41. Accordingly, Allstate's removal is timely under the "revival" doctrine because it is filed within thirty days of the receipt of a document (the Complaint) that both "provides (1) a 'new basis for removal' or (2) 'changes the character of the litigation so as to make it substantially a

9

new suit.'" *See id.*; *Zucker*, 2017 WL 5496277, at *7 (similar); *see also Braud*, 445 F.3d at 806 (applying same doctrine); *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982) (similar).

### V.     CONCLUSION

42.     A copy of this notice of removal is being served upon all known counsel of record in accordance with 28 U.S.C. § 1446(d).

43.     As required by 28 U.S.C. § 1446(a), a copy of the docket from the State Court Action, along with the Summons, Complaint, exhibits thereto, and affidavit of service, are attached hereto as **Exhibit A**.

44.     In accordance with 28 U.S.C. § 1446(d), a copy of the Notice to the Clerk of Court for the Supreme Court of the State of New York, County of New York, which has been filed in that Court, is attached hereto as **Exhibit B**.

45.     Allstate reserves the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

**WHEREFORE**, pursuant to 28 U.S.C. § 1332(d), Defendant Allstate Vehicle and Property Insurance Company requests that this action be removed from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**DEFENDANT,
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,**

/s/ *Wystan M. Ackerman*
    Wystan M. Ackerman

**ROBINSON & COLE LLP**
280 Trumbull Street
Hartford, CT 06103
Phone:  860-275-8200
Fax:  860-275-8299
E-mail: wackerman@rc.com

**OF COUNSEL**
Wm Maxwell Daley
(*pro hac vice forthcoming*)